IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| K.C. 1986 LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02-0853-CV-W-NKL |
| | ) | |
| READE MANUFACTURING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is a Renewed Motion for Stay of Execution Pending Appeal filed by Donald Horne, Victor Horne, and K.C. 1986 Limited Partnership (collectively "Appellants"). For the reasons set forth below, the Court denies Appellants' Renewed Motion.

**I.  Background**

    **A.  Appellants' Original Motion and the Court's Order**

The Court entered its Allocation Order that set forth the liabilities of the parties on January 7, 2005 [Doc. # 399]. Appellants have taken an appeal from that Order.

On April 14, Appellants filed a Motion for Stay of Execution Pending Appeal [Doc. # 432]. In their Motion, Appellants argued that the Court should stay execution of the Allocation Order, but not require Appellants to post a supersedeas bond. The Court

1

had previously ordered that Donald Horne's assets be frozen[1] and, according to Appellants' argument in their Motion, his frozen assets were more than sufficient to satisfy Appellants' liability under the Allocation Order. Appellants stated, "[Donald] Horne's assets are more than sufficient to pay the judgment" and that the Court's Orders freezing Donald Horne's assets "furnish protection to the judgment creditor equal to or greater than the protection a supersedeas bond would afford." *See* Doc. # 432 at ¶ 3. Appellants argued that the amount of the judgment was only $1,146,802.22, which included prejudgment interest.

Borax opposed Appellants' Motion and argued for a supersedeas bond that was substantially higher than that proffered by Appellants. Borax pointed out that the Allocation Order entailed not only past response costs, but also future response costs and that Appellants' proposed figure of the judgment did not include future response costs. Borax did not oppose amending the freeze orders on Donald Horne's assets to allow for the posting of a supersedeas bond.

In their Reply Suggestions, Appellants renewed their argument that the amount of the judgment was limited to $1,146,802.22 and that Donald Horne's frozen assets were sufficient to cover this liability. Appellants never asserted that they would be unable to obtain a bond in the event that the Court included future cleanup costs as part of its calculation of the bond amount. In fact, Appellants primarily used their Reply

---

[1] The Court ordered Donald Horne not to deplete his assets by more than ten percent of their value as of January 27, 1998. *See* Docs. ## 421 and 428.

2

Suggestions to refute the future cleanup cost figures averred by Borax.

On July 20, 2005, the Court granted Appellants' Motion to Stay Execution Pending Appeal, on the condition that they collectively post a supersedeas bond in the amount of $7,083,244.07 within ten (10) days of the Court's Order. *See* Doc. # 455 at p. 8. Moreover, the Court amended the freeze orders regarding Donald Horne's assets so he could post a supersedeas bond in accordance with the Court's Order. *Id.* The Court's Order applied to all of the Appellants who filed the pending Renewed Motion, but it also applied to DeAngelo Brothers, Inc. ("DeAngelo"), which does not join in the pending Motion. In accordance with the Allocation Order, the Court's calculation of the bond amount included future cleanup costs, past response costs, and prejudgment interest.

### B.     Appellants' Pending Motion

After the Court entered its Order regarding the supersedeas bond, Appellants filed their pending Renewed Motion on July 22, 2005 [Doc. # 456]. In support of their Renewed Motion, Appellants submitted an affidavit from James Pateidl ("Pateidl"), who is Vice President of a sureties company. Pateidl submitted an affidavit explaining that he cannot obtain a supersedeas bond for Appellants because (1) their assets are insufficient to satisfy the amount ordered by the Court, and (2) a bonding company will not insure Donald Horne's assets because of the character allegations and findings of fact contained in the Court's orders freezing his assets. Appellants state that the frozen assets are in excess of $5,281,740.

Borax opposes Appellants' Renewed Motion. Borax argues that Appellants could

3

offer the property that is in dispute as collateral for its bond, that Appellants have not

offered any reason to find that DeAngelo Brothers cannot post a portion of the bond, and

that Appellants' insurance providers can provide collateral for the bond. Moreover,

Borax notes that Appellants and DeAngelo Brothers have not cooperated in trying to post

the cumulative bond nor have the Appellants attempted to pool their resources to post the

bond amount, even though the bond applies to all the Defendants collectively.

Appellants respond to Borax's arguments by stating that DeAngelo Brothers

refuses to cooperate with Appellants in posting a bond and that the Site already has a lien

on it and, therefore, cannot be used as collateral for the bond. Appellants also state that

their insurers refuse to post the bond because they refute their obligation to provide

coverage.

**II.    Discussion**

The Court will deny Appellants' Renewed Motion because Appellants have failed

to show that they cannot collectively post a supersedeas bond in the amount ordered by

the Court. The Court acknowledges that no one Defendant may have all of the assets

available for the bond amount. However, the Court's Order compelled the Appellants

and DeAngelo Brothers to collectively--not individually--post a supersedeas bond.

Appellants concede that they have assets exceeding $5,281,740 that can be used in

furtherance of the bond and this figure does not account for any contribution by

DeAngelo Brothers.

Although Appellants argue DeAngelo Brothers refuse to contribute to a bond

4

amount, there is no evidence before the Court to that effect.  Appellants have not offered any evidence that they have attempted to coordinate with DeAngelo Brothers to contribute the remaining amount of the supersedeas bond nor do they assert why DeAngelo Brothers would refuse to comply with this Court's Order regarding posting of the bond.  Simply put, there is no reason to believe that DeAngelo Brothers is unwilling to make up the shortfall in the bond amount through its contribution.

Moreover, there is insufficient evidence that Appellants have made concerted substantial efforts to comply with the Court's Order.  The Court does not doubt the veracity of Pateidl's declaration, but the affidavit does not state how many bonding companies he contacted nor does it set forth which companies refused to provide a bond based on the character allegations and which companies refused to provide a bond based on insufficient assets.  Under the vague language of the affidavit, Pateidl may have contacted two bonding companies or twenty bonding companies--it simply is not clear.  Based on the unsupported assertions contained in Pateidl's affidavit, there is insufficient evidence to find that Appellants have made good faith efforts to comply with the Court's Order.

Nonetheless, even assuming Appellants had made a proper evidentiary showing, they have not submitted any bases for subjecting Borax to additional risk because of their failure to obtain a supersedeas bond.  On the one hand, Appellants want the Court to stay execution of its judgment so they do not have to pay their portion of the cleanup costs until after an appeal is completed--a process that may take up to a year.  Moreover, in

addition to wanting to delay their obligation to pay their portion of the cleanup cost, they do not want to post a supersedeas bond, which would provide an extra measure of security for Borax. Assuming Borax prevails on appeal, Borax is correct when it states that executing against a supersedeas bond would be substantially easier than attempting to execute against Donald Horne's assets in Minnesota. In light of Appellants' past conduct in this matter, the Court is disinclined to further jeopardize Borax's attempt to recover its share of the cleanup costs from Appellants by allowing Appellants to pursue their appeal without posting a bond.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Appellants' Renewed Motion for Stay of Execution Pending Appeal [Doc. # 456] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE:  August 12, 2005
Kansas City, Missouri

6